IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES A. BROWN, | ) | Civil Action No. 7:13-cv-00272 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LT. GOMER, et al., | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

In June 2013, incarcerated pro se plaintiff James A. Brown filed the Complaint in this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated the Eighth Amendment of the United States Constitution by failing to protect him from his cellmate's attack.[1] The court notified Defendants of this action after Plaintiff proved his indigence, and Defendants argue via a motion to dismiss that this action was untimely filed. Although Plaintiff has received notice and the opportunity to explain why this action should be deemed timely filed, he has failed to do so, and Defendants' motion to dismiss is granted.

The two-year limitations period for this action began on February 26, 2009, the day after the attack when Plaintiff had a complete and present cause of action or could file suit and obtain relief about Defendants' alleged deliberate indifference to the serious risk of the cellmate's attack. See Owens v. Okure, 488 U.S. 235, 249-50 (1989) (recognizing § 1983 adopts the statute of limitations that the forum state uses for general personal injury cases); VA. CODE § 8.01-229, 8.01-243(A) (permitting tolling of the two-year limitations period for general personal injury actions); see also Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (describing the standard for when a federal cause of action

---

[1] Plaintiff filed the same Complaint in June 2012 that the court dismissed without prejudice as untimely filed without giving Plaintiff the opportunity to amend or notifying Defendants of the action, pursuant to 28 U.S.C. § 1915A. Brown v. Edmonds, No. 7:12-cv-00267 (W.D. Va. June 29, 2012) (Urbanski, J.). Plaintiff also filed a related action in Brown v. Commonwealth, No. CL10000094-00 (Va. Cir. Ct. Feb. 28, 2011), but the disposition of the action is not apparent.

accrues). However, Plaintiff filed this action on May 28, 2013, more than 1,500 days after the cause of action accrued. Nothing in Plaintiff's medical record supports a claim that Plaintiff lacked sufficient mental capacity after the attack to toll the two-year limitations period to make this action timely filed.[2] See VA. CODE § 8.01-229(A) (tolling the limitations period for incapacitation). Also, the cellmate's subsequent criminal prosecution for malicious wounding does not toll the statute of limitations.[3] See id. § 8.01-229(K) (tolling the limitations period in a civil action for the duration of criminal proceedings that arise from the same facts). Even if the court were to toll the limitations period for prior state and federal litigation pursuant to Virginia Code § 8.01-229(E)(1), Plaintiff still filed the action beyond the limitations period. Accordingly, Defendants' motion to dismiss is granted, and the Complaint must be dismissed with prejudice as untimely filed.

---

[2] Plaintiff's medical records from the hospital and prison infirmary filed in Brown v. Edmonds, No. 7:12-cv-00267 (W.D. Va. June 29, 2012), reveal the following information. See United States Fidelity & Guar. Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir. 1964) (discussing permissible judicial notice of prior, related litigation). Plaintiff was awake but disoriented when he arrived at the hospital. He told hospital staff that he had a bad headache, but he was not able to rate the pain on a numeric scale. The prison infirmary's record for March 25, 2009, says Plaintiff was "aware completely of his environment." Plaintiff's Braden Scale for sensory perception was consistently recorded as, "No Impairment. Responds to verbal commands. Has no sensory defect which would limit ability to feel or voice pain or discomfort." (Braden Scale (Civil Action No. 7:12-cv-00267, ECF no. 2 at 60.)

[3] This action against Defendants does not arise from the same facts as the cellmate's criminal proceedings. Malicious wounding requires the Commonwealth to prove facts beyond a reasonable doubt that the cellmate maliciously wounded Plaintiff with the intent to maim, disfigure, disable, or kill. VA. CODE § 18.2-51. The facts necessary to prove malicious wounding beyond a reasonable doubt in Virginia criminal proceedings are not the same facts necessary to determine whether Defendants were personally aware of facts indicating a substantial risk of serious harm to Plaintiff and whether Defendants actually recognized the existence of that risk before the attack. See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994). Consequently, Virginia Code § 8.01-229(K) does not apply.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

Entered: October 31, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge